UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMERICAN FAMILY MUTUAL INSURANCE COMPANY SI, et al.,

Plaintiffs,

v.  Case No. 20-CV-1455

ELECTROLUX HOME PRODUCTS, INC.,

Defendant.

## ORDER

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). Before the court is the plaintiffs' motion to serve, with subparts, approximately 70 interrogatories. (ECF No. 13.) The defendant opposes the motion. (ECF No. 15.)

On July 22, 2021, the court discussed the motion with the parties during a telephonic conference. For the reasons more fully stated on the record, the court grants the motion.

Interrogatories are commonly misused as a cumbersome and inefficient means for obtaining information more properly suited for a deposition. To their credit, that is not the nature of the plaintiffs' interrogatories here. The plaintiffs seek narrow information that is relevant to their claims, proportional to the needs of the case, and which would likely be beyond the ready knowledge of any witness presented for a deposition under a Rule 30(b)(6).

The court initially expressed reluctance to permit interrogatories regarding "the Mansfield platform" (ECF No. 14 at 3, ¶ 9) given that these products had not been manufactured since 1998 and there is no indication that these products were owned by the plaintiff homeowners. However, the court is persuaded that the interrogatories regarding "the Mansfield platform" are relevant insofar as they may tend to reveal a safer alternative product design.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to serve in excess of 25 interrogatories (ECF No. 13) is **granted**.

Dated at Milwaukee, Wisconsin this 23rd day of July, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge