UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**AMERICAN FAMILY INSURANCE, et al.,**

Plaintiff,

v.     Case No. 20-CV-1455

**ELECTROLUX HOME PRODUCTS, INC.,**

Defendant.

## ORDER

The court finding good cause, the parties' stipulated confidentiality and protective order (ECF No. 21) is granted.

**IT IS THEREFORE ORDERED** that:

1. Information designated as "Confidential" and information derived therefrom (hereinafter "Confidential Information") shall be used and disclosed by the receiving party solely for the purpose of the prosecution or defense of this action, and for no other purpose, and only in accordance with the terms of this Protective Order.

2. Information designated as "Confidential" shall be maintained in confidence by counsel of record for the party to whom such Confidential Information is produced or given and shall not be disclosed to any other person except as follows:

a. the parties to this action, which in the case of corporate parties shall include those officers, directors and employees of the corporate parties deemed necessary to aid counsel in prosecution and defense of this action, who shall be required to abide by this Protective Order;

b. counsel of record representing a named party in this action, including in-house counsel for any corporate party, and their paralegals, clerical and secretarial staff, who shall be required to abide by this Protective Order;

c. any witness testifying in this action;

d. non-party expert witnesses or consultants engaged by counsel of record to a party to assist such counsel in the prosecution or defense of this action, in the manner set forth in paragraph 2 herein;

e. court reporters, who shall be required to abide by this Order;

f. the court and its support personnel, pursuant to the provisions set forth herein or as otherwise ordered by the court; and

g. administrative agencies of the state or federal governments as required by law.

3. No information designated as "Confidential" shall be made available to any person who comes within subsections (c) or (d) of paragraph 2 above, unless, prior to disclosure of any Information to any person (except the court), such person shall be furnished a copy of this Protective Order, shall be informed that the information is Confidential, that violations are punishable as contempt of court, and shall agree in writing

to comply with the provisions of this Protective Order just as though they were parties to the case, and to be subject to the jurisdiction of the above referenced court for all hearings relevant to this Protective Order. Any such person shall execute a copy of the Protective Order by signing his/her name thereon, which executed Protective Order must be kept by counsel for the party making such disclosure, acknowledging that such person has read and understands this Protective Order and will abide by its terms and conditions. Such acknowledgements shall be maintained by counsel. No person shall make copies of documents containing Confidential Information except under the direction of counsel, when, in the judgment of counsel, such copies are reasonably necessary for the conduct of this litigation.

    4. Information shall be designated as Confidential by stamping or writing "Confidential" on the information claimed to be such and in the case of deposition testimony, by stating that such testimony is to be treated as "Confidential" on the record during the deposition. Additionally, a party may designate the confidentiality of documents produced in discovery if done so in writing within ten (10) days of production. In addition, a party wishing to designate deposition testimony as Confidential may identify those portions of the deposition transcript by marking the pages accordingly and by providing written notice of such designation to the other parties within thirty (30) days of the receipt of the deposition transcript by the designating party. Although each page of the Information sought to be protected may be marked "Confidential," it will also be appropriate to mark the first page of any multi-page document as "Confidential," and then

3

Case 2:20-cv-01455-WED   Filed 02/03/22   Page 3 of 5   Document 22

each page within such multi-page document will be considered "Confidential," as set forth herein.

5. This Protective Order and the agreements embodied herein shall survive the termination of this action. The parties agree that the court shall retain jurisdiction to enforce the terms and conditions of and protections afforded by this Protective Order.

6. If any Confidential Information is disclosed in any pleading or other document filed with the court, such document shall be filed under seal by the filing party.

7. Nothing contained herein shall restrict the rights of any party with respect to its own Confidential Information or with respect to infom1ation developed or obtained independent of discovery in this action from a person or persons lawfully in possession of it and without violation of any confidentiality or non-disclosure obligations of such person or persons, regardless of whether such information is also obtained through discovery in this action.

8. Nothing contained herein shall restrict or waive the rights of any party to object to discovery requests on grounds other than the objection that the request calls for production of the party's own confidential business or proprietary information. This Agreement shall not compel the production of the confidential, business or proprietary information of any third-party, nor shall it act as a waiver or restriction of any objection to disclosure of such information.

9. Following the final judgment or dismissal in this case, any party who received "Confidential" documents during the course of the litigation must, within thirty

(30) days, return the documents to the producing party or destroy the documents, including any copies in the possession of any person to whom the party or its attorneys delivered copies, and provide the producing party with written notice of compliance with this paragraph 9 within forty-five (45) days after the final judgment or dismissal in this case upon request of the party that marked such documents as "Confidential."

10. The provision of this Protective Order shall remain binding for a period of fifteen (15) years following the final judgment to be rendered in this case, and the court shall retain jurisdiction to enforce this Order after the conclusion of the case.

11. The inadvertent disclosure of Confidential Information that has not been so designated shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; and designation of "Confidential" Information hereunder may be made at any time to be effective upon and after such designation except as otherwise provided herein.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge